FIA Card Services, N.A. v. Jaques, No. S1074-09 CnC (Toor, J., Nov. 8, 2010)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| FIA CARD SERVICES, N.A.<br> Plaintiff<br><br> v.<br><br>DAVID A. JAQUES<br> Defendant | Docket No. S1074-09 CnC |

RULING ON MOTION FOR SUMMARY JUDGMENT

This is a collection case in connection with a claimed debt on a credit card. Plaintiff has moved for summary judgment. Plaintiff is represented by John Balkunas, Jr., Esq; Defendant is pro se.

The Motion and Response

Plaintiff has submitted with its legal memorandum the following: a number of documents that are attached to the memorandum but not authenticated by any affidavit of a records custodian; a Statement of Uncontested Facts that cites not a single supporting document or affidavit; an Affidavit of Amounts Due signed by the lawyer; and an Affidavit of Account signed by someone identifying herself as an "agent for FIA CARD SERVICES, N.A." but without explaining her title or employment status.

Defendant responds to the motion with an affidavit denying that he has ever contracted with FIA, pointing out that nothing in the records submitted by Plaintiff shows any contract with FIA, and asserting that the complaint and the motion refer to completely different account numbers in any case.

Conclusions of Law

The motion for summary judgment does not comply with Rule 56 for several reasons. First, the rule requires that the statements of material facts filed by the moving party "contain specific citations to the record." V.R.C.P. 56(c)(2). The statement here has not a single such citation.

Second, the rule requires that affidavits submitted with the motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Id. § (e). While the affidavit of the lawyer is appropriate with regard to its recitation of costs incurred for filing and service and the like, the affidavit of the "agent" is insufficient to establish the facts of the account. The agent is not identified as an employee or a records custodian or other person actually familiar with the company's files. Her affidavit asserts that "the note attached hereto is true and correct," yet no note is attached. It fails to state that any contract exists between FIA and defendant.

Likewise, although affidavits are not mandatory with a motion for summary judgment, if documents are being submitted as evidence for the court to consider with the motion, they must be identified and authenticated by a witness with knowledge of them, not merely attached to the legal memorandum as if they are somehow per se admissible in evidence. Until they are exhibits to such an affidavit, they are not "in the record" in the sense intended by the rule:

> Supporting materials designed to establish issues of fact in a summary judgment proceeding must be established through one of the vehicles designed to ensure reliability and veracity -- depositions, answers to interrogatories, admissions and affidavits. When a party seeks to offer

2

> evidence through other exhibits, they must be identified by affidavit or otherwise made admissible in evidence.

Friedel v. City of Madison, 832 F. 2d 965, 970 (7th Cir. 1987)(internal quotation omitted). "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." Wright & Miller, 10A Federal Practice & Procedure Civ. § 2722 (3d ed.). The documents attached to the legal memorandum are not identified or authenticated by an affidavit from anyone.

For all of these reasons, the motion is denied. In addition, however, Defendant has raised disputed issues of material fact with regard to whether he ever contracted with FIA at all, and whether the account sued upon is the same one for which judgment is sought. For this reason as well, the motion is denied.

## Order

The plaintiff's motion for summary judgment is denied. The case will be scheduled for a two hour trial.

Dated at Burlington, Vermont this 3rd day of November, 2010.

_____
Helen M. Toor
Superior Court Judge

3